IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:11CR353 |
| v. | |
| BARRY CRAWFORD, | MEMORANDUM AND ORDER |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:11CR383 |
| v. | |
| BARRY CRAWFORD, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Barry Crawford's purported motion for appointment of counsel regarding the First Step Act, Filing No. 60.[1]

On June 4, 2012, the Court sentenced Defendant to a term of 144 months' imprisonment. Defendant timely filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Filing No. 46. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony. 18 U.S.C. § 924(e). The residual clause defines a violent felony as any crime

---
[1] All filings refer to those in 8:11CR353.

1

that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court has also found "that Johnson is retroactive in cases on collateral review[.]" Welch v. United States, 136 S. Ct. 1257, 1268 (2016).  However, in Beckles v. United States, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the Guidelines, including career offender sections, are not subject to vagueness challenges that may be asserted with respect to the ACCA.  Accordingly, the court denied the Crawford's motion, finding that Crawford's challenge was foreclosed by the Supreme Court's decision in *Beckles*. He was determined to be a career offender under the Sentencing Guidelines, not the ACCA.  The court also found his claims lacked merit and did not justify the issuance of a certificate of appealability.  Filing No. 56.

The First Step Act was enacted into law on December 21, 2018.  *See* Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").  Previously, Congress enacted the Fair Sentencing Act of 2010, which reduced the disparity in sentencing between offenses involving crack and powder cocaine and eliminated mandatory minimum sentencing for simple possession of controlled substances.  *See* Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") (codified at 21 U.S.C. §§ 841(b)(1) and § 844(a)).  The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who were sentenced after August 3, 2010, but was not retroactive to sentences imposed before that date.  Dorsey v. United States, 567 U.S. 260, 264 (2012).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses, defined as violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "committed before August 3, 2010."  First Step Act § 404(a).  Specifically, Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Thereafter, the Court denied Crawford's motion to alter or amend his sentence.  Filing Nos. 58 and 59.

Defendant's drug crime conviction did not involve a mandatory minimum sentence, since it involved less than 20 grams of crack cocaine.  Filing No. 34, PSR (sealed) at 6.  The defendant's sentence would not have been affected by the First Step Act and the court is unable to adjust his sentence.  Crawford's mandatory minimum sentence was imposed for his convictions under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), neither of which is included in Sections 2 or 3 of the Fair Sentencing Act.  *See* Fair Sentencing Act §§  2 & 3.  Accordingly, he is not eligible for relief under the First Step Act.  Therefore,

IT IS ORDERED that the defendant's motion for appointment of counsel under the First Step Act is denied.

Dated this 21st day of October 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge