IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　vs.<br>BARRY CRAWFORD,<br>　　　　　Defendant. | 8:11CR353/8:11CR383<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the request of the defendant seeking compassionate release. Filing No. 67 in 11CR353 and Filing No. 49 in 11CR383. The Defendant seeks a recommendation for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court stayed defendant's motion, Filing No. 70, until defendant exhausted his request for administrative relief. Since then, counsel from the Federal Public Defender's Office has entered an appearance for defendant, Filing No. 71, and filed a brief in support, Filing No. 73. The United States Probation office has filed a compassionate release investigation report, Filing No. 75, and the government has filed a response to the motion to reduce, Filing No. 76.

　　　　Defendant plead guilty on February 28, 2012 to Counts I and II of the Indictment. He was charged in Count I with knowingly and intentionally possess with intent to distribute cocaine base, i.e., crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1), and in Count II with being a felon in possession of a firearm on September 2, 2011. Defendant was indicted on another charge of being

1

a felon in possession of a firearm, this time for an offense that occurred on November 2, 2011 (8:11CR383). On February 28, 2012, the defendant entered pleas of guilty to the charges in both cases. Filing No. 25. The Court committed defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred forty-four (144) months on Count I in 8:11CR353 and one hundred twenty (120) months on Count II in 8:11CR353; and one hundred twenty (120) months on Count I in 8:11CR383, said terms of imprisonment to be served concurrently and concurrent to the term of imprisonment imposed in 8:03CR14. Upon release from imprisonment, the defendant will be on supervised release with Special Conditions for a term of three (3) years on Count I of the Indictment in 8:11CR353, three (3) years on Count II of the Indictment in 8:11CR353, and three (3) years on Count I of the Indictment in 8:11CR383; said terms of supervised release to be served concurrently.

## DISCUSSION

### A. The First Step Act

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable

2

policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?

2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction;...
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

dangerous than we typically accept. *United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020). The Attorney General has directed the BOP to consider increased use of home confinement for at-risk inmates. Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

### B. Exhaustion

The Court first finds that the defendant has failed to comply with the exhaustion requirement. The Court specifically stayed this case for 60 days to permit the defendant to do so. Filing No. 70. Nothing regarding exhaustion has been filed to date. Defendant's counsel attempted to clarify the motion by stating defendant is not asking for an order for compassionate release but is instead asking for a recommendation by the Court to the Bureau of Prisons, due to COVID-19, for house arrest.[2] Defendant has approximately 7 months left on his sentence before he is eligible for a re-entry program and 14 months before he is eligible for home confinement under the rules prior to the pandemic.

The government disagrees. Filing No. 76. The government initially contends that the defendant has failed to comply with this Court's order regarding exhaustion. Second, the government asks that this Court make no further recommendation to the Bureau of Prisons, as sufficient facts have not been alleged to show that defendant's concerns merit home confinement.

The Court agrees with the government. The defendant has failed to exhaust, and

---

[2] The Court previously recommended that defendant be placed in residential re-entry program for the remainder of his prison sentence under the CARE act. This recommendation occurred a week before the COVID-19 pandemic became official. Filing No. 65.

in addition, the defendant has failed to delineate any factors under the Act to support his request for home confinement. Defendant simply argues that he should receive a recommendation from this Court because (1) he is close in time to being released, and (2) the existence of Covid-19. Defendant does not argue his medical vulnerability, nor does he argue his right to such a recommendation under the § 3553(a) or § 3582(c)(1)(A).³ Accordingly, the Court will deny his motion.

THEREFORE, IT IS ORDERED THAT defendant's motion for a compassionate release recommendation, Filing No. 67 in 11CR353 and Filing No. 49 in 11CR383, is DENIED.

Dated this 1st day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

³ For the record, defendant submitted a release plan. The probation office reviewed it. The plan is incomplete and follow up phone calls, crucial to any determination of placement, have not been made to the probation officer.